29 F.3d 628
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Michael Joseph LISKIEWICZ, Appellant.
 No. 94-1068.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 23, 1994.
Filed: July 1, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael Joseph Liskiewicz appeals the 72-month sentence imposed by the district court[1] after a jury found him guilty of 32 counts of mail and wire fraud, in violation of 18 U.S.C. Secs. 1341 and 1343. We affirm.
 
 
 2
 Liskiewicz, a licensed stockbroker and registered options principal, sold bogus securities to various investors. Before he was indicted, he had received approximately $1.7M, but in the normal course of his fraudulent business he returned a little over $1.0M to the investors-thus making it appear that the securities were profitable and legitimate. When Liskiewicz's business assets were frozen, the government recovered approximately $697,000 in unreturned investors' money. Liskiewicz argues that the district court erred by concluding that the amount of the loss under the Guidelines was $1.7M, rather than $697,000, and by enhancing his base offense level by two points under U.S.S.G. Sec. 3B1.3 because Liskiewicz abused a position of trust and used his special skills as a stockbroker in a manner to facilitate his criminal activity.
 
 
 3
 We conclude that both arguments lack merit. The district court correctly noted that under the Guidelines "amount of loss" is not the same as "net loss." See United States v. Prendergast, 979 F.2d 1289, 1291 (8th Cir. 1992); see also United States v. Nelson, 988 F.2d 798, 808-09 (8th Cir.), cert. denied, 114 S. Ct. 302 (1993); United States v. Mills, 987 F.2d 1311, 1316 (8th Cir.), cert. denied, 114 S. Ct. 403 (1993). Thus, the district court did not err by considering "the amount of possible loss" and concluding that the amount of loss for sentencing purposes was the gross amount received from the investors, $1.7M. Liskiewicz is not entitled to credit for expenses he incurred, included the "expense" of paying false profits, while operating his investment scam.
 
 
 4
 The district court also did not err by concluding that Liskiewicz used his special skills as a stockbroker to facilitate the commission of his crimes. See United States v. Ashman, 979 F.2d 469, 490 (7th Cir. 1992) (ability to trade on Chicago Board of Trade is possession of special skill under section 3B1.3 in futures trading offenses), cert. denied, 114 S. Ct. 62 (1993); United States v. Connell, 960 F.2d 191, 198 (1st Cir. 1992) (stockbroker is a special skill under section 3B1.3).
 
 
 5
 Accordingly, the sentence imposed by the district court is affirmed.
 
 
 
 [1]
 The Honorable Donald D. Alsop, Senior United States District Judge for the District of Minnesota